UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


DORIS JEANIE WOODS, individually
and as Administratrix of the
Estate of Timothy Woods and
MALLORY WOODS and BROOKLYN WOODS and
BRANDON WOODS,

       Plaintiffs,

v.                                        Civil Action No. 2:12-03592

WETZEL BENNETT,
individually and in his capacity as
Sheriff of Nicholas County, West Virginia,
DEPUTY RONNIE L. MCCLUNG,
individually and in his capacity as
a Deputy of the Nicholas County Sheriff's Department,
CORPORAL M. Z. DEITZ,
individually and in his capacity as a Corporal with
the Nicholas County Sheriff's Department,
DEPUTY M. A. HANKS,
individually and in his capacity as Deputy of
the Nicholas County Sheriff's Department, and the
STATE OF WEST VIRGINIA, DEPARTMENT
OF HEALTH AND HUMAN RESOURCES,
a West Virginia governmental agency,

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

       Pending are two motions to dismiss, both filed on February 21, 2013, one by the individual defendants and the other by the West Virginia Department of Health and Human Resources respectively. Pending also are the plaintiffs' motion to amend the complaint, filed on April 4, 2013, and the motions to seal filed April 15, 2013, and July 30, 2013.

I.   Factual and Procedural Background

On July 22, 2010, plaintiffs Timothy Woods and Doris Jeanie Woods were driving away from a campground in Nicholas County, West Virginia, with two of their minor children, plaintiffs Brandon and Brooklyn Woods.[1]  Compl. ¶ 9.  Brandon, who suffers from autism, removed his seat belt at some point, compelling the Woods to stop.  Id.  Before either parent could restrain Brandon, their vehicle was surrounded by "multiple officers," including the defendants, Deputy Michael Hanks, Deputy Ronnie McClung, and Corporal M.Z. Dietz, as well as an agent of the West Virginia Department of Health and Human Resources, Child Protective Services.  Id. ¶¶ 3-5, 10.  Mrs. Woods alleges that she was physically prevented from exiting the vehicle, causing injury to her neck, and that the defendants stole $150 from her purse.  Id. ¶ 9, 22.

Brandon and Brooklyn were transported home by a family member called to the scene, while Mr. and Mrs. Woods were administered sobriety tests.  Id. ¶¶ 12-13.  Both field tests and blood tests at a local hospital returned negative results,

---

[1] By the time this action was commenced, all four of the Woods children had attained their majority.  See Def. West Virginia Department of Health and Human Resources' Resp. to Pl.'s Mot. to Am. Compl. Ex. 1, at 1.  Consequently, their full names need not be abbreviated or redacted.  See Fed. R. Civ. P. 5.2(a).

although Mrs. Woods notes that she was taking an unidentified prescription medication.  Id. ¶¶ 13-14.

         As a result of the incident, proceedings against the Woods were initiated by the West Virginia Department of Health and Human Resources in the Circuit Court of Nicholas County. Id. ¶ 15.  During a subsequent adjudicatory hearing, the Woods stipulated that they failed to properly supervise their children on July 22, 2010, and did "not contest the adjudication that the children are neglected."  Def. West Virginia Department of Health and Human Resources' Resp. to Pl.'s Mot. to Am. Compl. ("DHHR Resp. to Mot. to Am.") Ex. 1, at 1.[2]  Given their admission, the state court found the Woods to be neglectful parents as a matter of law and transferred legal custody of their three minor children to the West Virginia Department of

---

[2] The cited document is an order issued by the Circuit Court of Nicholas County that was submitted by the Department of Health and Human Services in the course of briefing the motion to amend the complaint.  The court is generally prohibited from considering evidence not derived from the complaint or accompanying documents when ruling on a motion to dismiss.  Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).  The court may, however, consider documents that are "integral to the complaint and authentic" and materials appearing in the public record.  Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).  The complaint references the judicial proceedings that form the basis of the order, see Compl. ¶ 15, which appears to be a public record, see generally DHHR Resp. to Mot. to Am. Ex. 1.  Accordingly, the court may refer to the order issued by the Nicholas County Circuit Court.

Health and Human Resources.  Id. at 3.  The court simultaneously
granted the Woods a ninety-day "improvement period," during
which they would retain physical custody of Mallory, Brandon,
and Brooklyn, but would be required to undergo random testing
for intoxicants and psychiatric evaluations, among other
conditions.  Id. at 2-3.

       The plaintiffs insist that the terms of supervision
during the prescribed improvement period were "unreasonable and
unwarranted."  Compl. ¶ 18.  Moreover, they maintain that they
were subjected to "continued harassment" by law enforcement and
the Department of Health and Human Resources, without
identifying any inappropriate conduct by the defendants.  Id. ¶¶
17, 20.

       On July 23, 2012, the plaintiffs filed suit in this
court.  The complaint alleges negligence, intentional infliction
of emotional distress, violations of Article 3, Sections 4, 5,
6, and 10 of the West Virginia Constitution, and infringement
upon rights guaranteed by the "Fourth, Fifth, Eighth, and
Fourteenth Amendments to the United States Constitutions."
Compl. ¶¶ 23-30.

       As of December 17, 2012, the docket reflected no
further activity.  The court entered an order, pursuant to

4

Federal Rule of Civil Procedure 4(m), directing the plaintiffs to submit proof of service or to show good cause for their failure to act by February 1, 2013.  The plaintiffs effected service on January 31, 2013, but failed to submit proof of service until February 11, 2013.

        The West Virginia Department of Health and Human Resources and the individual defendants moved separately to dismiss the complaint on February 21, 2013.  The plaintiffs have since moved to amend the complaint on April 4, 2013, which is opposed by both the institutional and individual defendants.

## II.  Analysis

A.  Motions to Seal

        As an initial matter, the Department of Health and Human Resources, in its April 15, 2013, motion to seal, requests that its response to the plaintiffs' motion to amend, and the accompanying state-court order discussed above, be sealed.   The Department argues that W. Va. Code § 49-7-1 requires that information pertaining to juvenile proceedings be kept confidential.  <u>Id.</u>  The plaintiff has not opposed the motion.

        The rule requiring public inspection of court documents may be abrogated only in exceptional circumstances.

Local R. Civ. P. 26.4(b)(1).  W. Va. Code § 49-7-1(a) provides
that court records and information concerning children or
juveniles "shall be kept confidential and shall not be released
or disclosed to anyone, including any federal or state agency."
A court may order disclosure if the records are determined to be
relevant, material, and safe.  W. Va. Code § 49-7-1(b)(4).

In this case, the plaintiffs' claims rely upon the
order issued by the Circuit Court of Nicholas County, rendering
the document both relevant and material.  The order contains no
information that, if disclosed, would endanger the Woods
children who have now reached majority age.  Moreover, the
plaintiffs have already revealed the essential elements of the
order in their complaint, exposing to public scrutiny the same
information that the Department of Health and Human Resources
now seeks to protect.  The motion to seal is therefore denied.
The Clerk is directed to enter the defendant's response to the
plaintiffs' motion to amend the complaint and the accompanying
exhibit, which are attached to the motion to seal (ECF No. 37)
as Exhibit 2.

The court notes, however, that the order lists the
birthdates of the Woods children in the upper left corner of the
first page.  The publication of an individual's birthdate in
court filings is prohibited.  Fed. R. Civ. P. 5.2(a)(2); <u>see</u>

6

<u>also</u> W. Va. Code § 49-7-1(b)(4) (allowing the court to "limit the examination and use of the records or any part thereof"). Accordingly, before entering the state-court order upon the docket, the Clerk is directed to redact the day and month in which the various children were born.

Respecting the July 30, 2013, motion to seal, the Department seeks judicial review <u>in camera</u> of certain of its documents and files necessary to the prosecution and defense of this action.  It is ORDERED that the motion be, and hereby is, referred to the Honorable Dwane L. Tinsley, consistent with the standing order entered September 2, 2010.

B.  Motion to Amend the Complaint

On April 4, 2013, the plaintiffs moved for leave to file their first amended complaint.  There appear to be three primary differences between the original and amended complaints. First, the amended pleadings incorporate an additional claim for wrongful death, as Mr. Woods succumbed to various ailments after the original pleadings were filed.  First Am. Compl. ¶ 65(b). The amended complaint also reflects that Doris Woods brings the newly asserted claim as administratrix of his estate.  Second, the plaintiffs seek to add the Nicholas County Commission as a named defendant.  Third, the amended complaint attempts to

clarify the basis of the federal civil rights claims asserted,
both by specifying the rights violated and by providing a more
comprehensive account of the plaintiffs' various interactions
with the defendants.  The amended pleadings now assert that the
defendants violated the plaintiffs' right "to be free from
unnecessary harassment," as guaranteed by the Due Process Clause
and the Fourth, Eighth, and Fourteenth Amendments, as well as
their "constitutional right to raise and maintain a family in
peace under the Due Process Clause, Fourth Amendment, and the
Fourteenth Amendment."  Id. ¶¶ 63-64.

The individual defendants and the Department of Health
and Human Resources oppose the motion, both raising procedural
objections and arguing that the amendments concerning the
Nicholas County Commission and the federal civil rights claims
are futile.

1.  Governing Standard

Federal Rule of Civil Procedure 15(a)(2) provides that
an amended complaint may not be filed without the court's leave.
See Fed. R. Civ. P. 15(a)(2).  Leave to amend should be granted
"freely . . . when justice so requires," id., but should be
denied when delay is coupled with prejudice, bad faith, or
futility, Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th

Cir. 1999) (citing <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 509 (4th Cir. 1986)).  An amendment is futile if the proposed claim would not withstand a motion to dismiss.  <u>Perkins v. United States</u>, 55 F.3d 910, 917 (4th Cir. 1995).

Thus, leave to amend must be predicated in significant part upon the movant alleging "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  The court must "'accept as true all of the factual allegations contained in the complaint,'" <u>id.</u> at 572 (quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002)), and must "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor," <u>Edwards</u>, 178 F.3d at 244.  Ultimately, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 555).

2.  Procedural Objections

a.  Failure to Attach Proposed Amended Complaint

As a threshold matter, the individual defendants first contend that the motion to amend should be denied because the plaintiffs failed to attach the proposed amended complaint to the motion.  Defs. Bennett, McClung, Deitz, and Hanks's Resp. In

9

Opposition to Pls.' Mot. for Leave to File First Am. Compl. ("Individual Defs.' Resp.") 3 n.2.  Instead, the plaintiffs filed the proposed amended complaint separately several days later.  The court deems the individual defendants' first contention to be moot.

### b. Improper Service

Defendants Deitz and McClung contend that the method by which they were served was improper.  They specifically assert that service upon then-Sheriff Hopkins was insufficient service upon them in their individual capacities under Rule 4(e)(2).  The failure to serve the original pleading would not necessarily result in the amended pleading being futile as against defendants Deitz and McClung.[3]

Nevertheless, the plaintiffs are directed to accomplish proper, and separate, service of the amended pleading upon Deitz and McClung, in both their individual and official capacities, in accordance with Rule 4 and not the more informal

---

[3] The individual defendants also maintain that any amendment would be futile, given the plaintiffs' failure to effect service within 120 days of filing the complaint, as required by Federal Rule of Civil Procedure 4(m).  Individual Defs.' Resp.  17-19. On December 7, 2013, the court effectively extended the deadline for service until February 1, 2013.  The defendants do not dispute that they were served on January 31, 2013.  The individual defendants' challenge is thus without merit.

procedure set forth for service of amended pleadings found in Rule 5(a)(1)(B).  This direction is without prejudice to the defendants' ability to raise, in accordance with Rule 12(b) and Rule 15(a)(3), any continuing service defect.

3.  Potential Amendments

a.  Wrongful Death

First, none of the defendants object to the newly asserted cause of action for wrongful death.  The plaintiffs' motion to amend, with respect to that claim, is granted.

b.  The Nicholas County Commission

Second, the individual defendants object to the inclusion of the Nicholas County Commission as futile.  The original complaint, however, already asserts identical claims against Sheriff Bennett in his official capacity, which are construed as claims against the governing county commission. See Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989).  Thus, the original complaint essentially asserts claims against the municipality.  The plaintiffs' motion to amend with respect to the Nicholas County Commission is therefore granted.

### c.  Federal Civil Rights Violations

Third, both the institutional and individual defendants object to the plaintiffs' "clarification" of their federal civil rights claims.

### i.  The Department of Health and Human Services

The Department insists that that any proposed amendment would be futile, given that state agencies are not "persons" subject to liability under 42 U.S.C. § 1983 and presumably § 1985.  DHHR Resp. to Mot. to Am. 3-4.  The defendant also argues that § 1981 is entirely inapplicable.  <u>Id.</u> at 4.

42 U.S.C. § 1983 renders liable any "person" who acts under color of state law to deprive another of "any rights, privileges, or immunities secured by the Constitution and laws." Although municipalities and local governments are considered "persons" subject to liability under § 1983, assuming that the deprivation of rights resulted from a municipal policy or custom, <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-92 (1978), state governments and their agencies are not, <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  It is undisputed that the Department of Health and Human Resources

qualifies as a state agency.  Consequently, any claims asserted against the Department pursuant to § 1983 must be dismissed, and any amendments to the pleadings would be futile.  The plaintiffs' motion to amend with respect to the federal civil rights violations alleged against the Department is therefore denied.[4]

Finally, establishing a successful claim under 42 U.S.C. § 1981 requires racial discrimination to have interfered with a contractual interest.  42 U.S.C. § 1981(a); Denny v. Elizabeth Arden Salons, Inc., 456 F.3d 427, 434 (4th Cir. 2006). The amended complaint contains no allegation suggesting either racial discrimination or interference with a contractual interest.  Any amendment to include such a claim would therefore be futile.  The plaintiffs' motion to amend is denied insofar as it seeks such an amendment.

---

4 Any amendment would also be futile with respect to federal civil rights claims asserted under 42 U.S.C. § 1985 given the reasoning above, as that statute also contemplates the liability of "persons."

ii.  The Individual Defendants

          The individual defendants have also raised a series of objections to the proposed amendments concerning the federal civil rights claims.  <u>See</u> Individual Defs.' Resp. 6-12.

          First, the individual defendants argue that the federal civil rights claims asserted in the amended complaint fail to satisfy the heightened pleading requirement established in <u>Randall v. United States</u>, 95 F.3d 339, 344 (4th Cir. 1996). <u>Id.</u>  The Fourth Circuit, however, has since forbidden the application of a heightened pleading standard in civil rights cases, given subsequent decisions issued by the United States Supreme Court.  <u>Moore v. Greenwood Sch. Dist. No. 52</u>, 195 F. App'x 140, 143-44 (4th Cir. 2006) (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002)).  Accordingly, the defendants fail to establish that amendment would be futile.

          Second, the defendants assert that the amended complaint fails to plead any actions by the individual defendants, as opposed to the Department of Health and Human Resources, that would interfere with the plaintiffs' claimed right to "raise and maintain a family in peace."  Individual Defs.' Resp. 8.  In the absence of any response from the plaintiffs, the court must concur that the amended complaint

does not plausibly establish that the individual defendants
interfered with the "care, custody, or control" of the Woods
children.  See Troxel v. Granville, 530 U.S. 57, 65 (2000).  The
individual defendants have thus established that amendment with
respect to any purported violation of the plaintiffs' right to
"raise and maintain a family in peace" would be futile.  The
plaintiff's motion to amend concerning that claim is denied.

Third, the individual defendants argue that amendment
of the remaining federal civil rights claim, which alleges a
calculated policy of harassment by the Nicholas County Sheriff's
Department, would be futile as asserted against them in their
official capacities.  Individual Defs.' Resp. 8-10.  The
plaintiffs, in response to a separate motion to dismiss, argue
that the amended complaint details multiple instances of
harassment by Nicholas County Sheriff's deputies, acting under
the direct authority of the Sheriff.  Pl.'s Mem. of Law in Opp'n
to the Individual Defs.' Mot. to Dismiss 2-3.  According to the
plaintiffs, the harassment occurred with sufficient frequency to
be considered a municipal custom.  Id.

As noted above, claims against the Sheriff in his
official capacity must be construed as claims against the
Nicholas County Commission.  See supra Part II.B.3.b.  The
County Commission, however, was not specifically named as a

15

defendant in the original complaint, and as a result has not yet had an opportunity to respond to the claims alleged against it. Consequently, the interests of justice contemplated by Rule 15(a)(2) are best served by granting the motion to amend with respect to the cause of action asserting "calculated harassment" against the individual defendants in their official capacity, and deferring any final resolution of the issue until the Nicholas County Commission has responded.

Fourth, the individual defendants contend that they are entitled to qualified immunity from the violations of federal civil rights alleged because the proposed amended complaint does not satisfy the nonexistent heightened pleading requirement discussed above.  They also contend that the amended complaint "does not even allege the specific law or constitutional right" violated.  Individual Defs.' Resp. 11.  As discussed, however, the amended complaint delineates two potential rights that were violated: the right "to be free from unnecessary harassment," as guaranteed by the Due Process clause, and the Fourth, Eighth, and Fourteenth Amendments, and the right to "raise and maintain a family."  First Am. Compl. ¶¶ 63-64.  Although the latter claim has been determined futile, the former has not.  Moreover, the defendants do not appear to challenge the existence of the amorphous right "to be free from

harassment," or whether that right was clearly defined, in response to the motion to amend.  Therefore, the court cannot conclude that amendment would be futile.  The question is reserved until such time, if at all, that the defendants move pursuant to Rule 12(b)(6) respecting the amended complaint.

Fifth, the individual defendants argue that amendment to any federal civil rights claims asserted under 42 U.S.C. § 1981 and § 1985 should be denied as futile.  Individual Defs.' Resp. 11-12.  Any putative cause of action arising under § 1981 would not survive a motion to dismiss, as discussed above.  See supra Part II.B.3.c.i.  Amendment with respect to any claims asserted under § 1985, however, would not be futile, given that the plaintiffs have asserted a potentially viable claim under § 1983.

Sixth, the individual defendants invoke various statutes of limitation.  Individual Defs.' Resp. 17.  A limitations challenge constitutes an affirmative defense and is often not appropriate for disposition under Rule 12(b)(6).  See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (noting a Rule 12(b)(6) challenge, "which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred.").  In any event, the better course is to

17

permit the amendment and further development of the matter at
the time, if at all, that defendants move against the amended
pleading via Rule 12(b)(6).


C.  Motion to Dismiss

        Given the substantive amendments permitted, the
pending motions to dismiss are denied as moot.  Although the
court could construe the motions as made against the amended
complaint, 6 Charles Alan Wright et al., Federal Practice and
Procedure § 1476 (3d ed. 1998), the parties may wish to alter
existing arguments or raise additional issues after reviewing
the court's decision concerning the motion to amend.

                        III.  Conclusion

        The Department of Health and Human Resource's motion
to seal, filed April 15, 2013, is denied.  The Clerk is directed
to docket the attached brief and exhibits, with the redactions
described above.

        The plaintiffs' motion to amend is denied with respect
to all federal civil rights violations asserted against the
Department of Health and Human Resources, whether under 42
U.S.C. § 1981, § 1983, or § 1985.  The motion to amend is also
denied with respect to any § 1981 claim raised against the

                               18

individual defendants, and with respect to any claim that the
individual defendants interfered with the plaintiffs' right to
"raise and maintain a family."  The motion is otherwise granted.

Finally, both pending motions to dismiss, filed on
February 21, 2013, are denied as moot.  It is ORDERED that the
plaintiffs be, and hereby are, directed to file no later than
September 20, 2013, a revised amended pleading consistent with
the foregoing disposition and service directions.  Defendants
may then, if they so choose, move in accordance with Rule 12 and
15.

The Clerk is requested to transmit this written
opinion and order to all counsel of record and to any
unrepresented parties.

DATED: September 5, 2013

John T. Copenhaver, Jr.
United States District Judge

19